IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HELEN TOTTY, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-111 |
| | ) |
| THE CHUBB CORPORATION d/b/a THE CHUBB GROUP OF INSURANCE COMPANIES and GREAT NORTHERN INSURANCE COMPANY, | ) ) ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# MEMORANDUM OPINION
## and
## ORDER OF COURT

Defendant, Great Northern Insurance Company ("Defendant" or "Great Northern"),[1] filed a Motion for Summary Judgment in this case on January 30, 2006. (Docket No. 22). On August 28, 2006, I issued an Opinion and entered an Order granting in part and denying in part Defendant's Motion. (Docket No. 34). Thereafter, Plaintiff, Helen Totty ("Plaintiff" or "Totty") filed a Motion for Reconsideration. (Docket No. 37). Defendant opposes that Motion. (Docket No. 40). After careful consideration of the parties' submissions, and for the reasons set forth

---

[1] Plaintiff does not seek reconsideration as to the portion of my August 28, 2006 summary judgment Order dismissing Defendant Chubb Corporation d/b/a The Chubb Group of Insurance Companies, from the case.

1

below, Plaintiff's Motion for Reconsideration is denied.

A motion for reconsideration will be granted only where: (1) new evidence becomes available; (2) there has been an intervening change in controlling law; or (3) there is a need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Here, Plaintiff seeks reconsideration of the portion of my Order granting summary judgment to Defendant as to Plaintiff's insurance bad faith claim (Count III of Plaintiff's Amended Complaint). Plaintiff contends that summary judgment on the bad faith claim is inappropriate because there is a genuine issue of material fact as to whether Defendant conducted an adequate investigation into the cause of Plaintiff's alleged damage. Plaintiff focuses specifically on the alleged motives behind and inadequacy of Defendant's initial expert report, the Rudick Report.

Plaintiff, however, does not offer any new evidence or raise any new issues of fact or law to warrant another review. As an initial matter, Plaintiff's arguments primarily consist of conclusory and unsupported allegations. Moreover, Plaintiff raised these exact arguments in her opposition to Defendant's summary judgment motion, and I specifically considered them in reaching the conclusions set forth in my August 28, 2006 Opinion. See Docket No. 34 at 25-27; see also Ostroff v. Alterra Healthcare Corp., Civ. Action No 05-6187, 2006 WL 2086970, at *3 (E.D. Pa. July 25, 2006) (reconsideration improper where party merely restates or rehashes arguments previously made and considered by the court).

Plaintiff also has failed to demonstrate clear legal or factual error or manifest

injustice. Rather, in viewing the relevant case law and the evidence supplied by both parties in the light most favorable to Plaintiff, I still find that no reasonable jury could conclude, by clear and convincing evidence, that Great Northern acted in bad faith, i.e., that Great Northern lacked a reasonable basis for denying Plaintiff benefits under her policy and that it knew of or recklessly disregarded such lack of reasonable basis in denying the claim.

THEREFORE, this **19th** day of September, 2006, after careful consideration of Plaintiff's Motion for Reconsideration (Docket No. 37), it is ordered that said Motion (Docket No. 37) is denied.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge