IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HELEN TOTTY, an individual, | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No.  05-111 |
| | ) |
| THE CHUBB CORPORATION d/b/a THE CHUBB | ) |
| GROUP OF INSURANCE COMPANIES, and GREAT | ) |
| NORTHERN INSURANCE COMPANY, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER

The factual and procedural details of this case are well known to the parties, and I need not repeat them in detail here.  In short, Plaintiff, Helen Totty ("Plaintiff" or "Totty"), seeks payment under a homeowners' insurance policy issued to her by Defendant Great Northern Insurance Company ("Defendant" or "Great Northern") for damage to her home allegedly caused by a vibratory compactor which the City of Pittsburgh used to repave the road outside her home in July 2002.  Plaintiff claims that vibratory waves from the compactor caused densification of sand layers in the

1

underlying soil, resulting in the alleged damage.

Pending is Plaintiff's Motion for View (Docket No. 65), in which Plaintiff requests that the jury be permitted to visit, enter, and tour Plaintiff's home during trial.   Defendant opposes Plaintiff's Motion.   (Docket No. 75).   After careful consideration of the parties' submissions, the Motion for View is denied.

It is well-established that:

> The decision to permit a jury view is committed to the sound discretion of the district court.  A judge generally acts within his or her discretion in denying a motion for a jury view when there is sufficient evidence describing the scene in the form of testimony, diagrams, or photographs. Furthermore, the judge "may consider such factors as the orderliness of the trial, whether the jury would be confused or misled, whether it would be time-consuming or logistically difficult, and whether cross-examination had been permitted regarding the details of the scene."

Kelley v. Wegman's Food Market, Inc., No. Civ. A. 02-1377, 2003 WL 21091390, at *5 (E.D. Pa. May 15, 2003) (internal citations omitted) (quoting U.S. v. Crochiere, 129 F.3d 233, 236 (1st Cir. 1997)), aff'd, 98 F. App'x 102 (3d Cir. 2004).  I agree with Defendant that these factors weigh against permitting a jury view in this case.

As an initial matter, the parties have listed as trial exhibits hundreds of photographs of Plaintiff's home and the alleged damage thereto, including numerous pictures taken by various experts and 899 pictures taken by Plaintiff herself.  I disagree with Plaintiff that such photographic evidence cannot "tell the full story."  Rather, I find that the numerous photographs, reports, testimony, and other exhibits listed in the parties' pre-trial statements are more than sufficient for Plaintiff's purposes at trial.

Moreover, the parties agree that the primary issue to be decided in this case is the cause of the alleged damage to Plaintiff's home.  They also agree that this issue involves scientific, technical, or specialized knowledge requiring expert testimony.  In this regard, the parties each have listed multiple experts whom they may call to testify on this issue at trial.  I find that the proposed expert testimony regarding, <u>inter</u> <u>alia</u>, expert inspections of Plaintiff's home and conclusions as to causation (as well as resultant monetary damages) is more than adequate and will be more helpful than any lay conclusions the members of the jury may form as a result of viewing the home themselves.

In addition, I find that a jury view of Plaintiff's home would be potentially confusing to jurors and prejudicial to Defendant.  Among other things, evidence from both parties shows that there is some damage to Plaintiff's home that was not caused by the road paving equipment.  It would be difficult on a jury view, however, to shield such damage from the jury or to have the jury differentiate between such damage and the damage at issue in this case.  This problem would not arise to the same extent with photographic evidence which is easier to control.

Finally, I disagree with Plaintiff that a jury view would shorten the trial in this case.  To the contrary, I believe that viewing the actual premises would be more time consuming and difficult than viewing the parties' photographic and other evidence in the courtroom.

For all of these reasons, I find it neither necessary nor advisable for the jury to view Plaintiff's home in this case.

THEREFORE, this **10ᵗʰ** day of January, 2007, it is ORDERED that Plaintiff's Motion for View (Docket No. 65) is DENIED.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge